# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-10-266-R |
| ) | CIV-16-687-R |
| MICHAEL LEE SEAY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 31). The United States responded in opposition to the motion. Upon review of the parties' submissions, the Court finds as follows.

On August 31, 2010, Defendant pled guilty to a two-count Information, waiving his right to indictment by grand jury and to trial by jury on Count 1, felon in possession of a firearm, and Count 2, carrying a firearm in furtherance of a drug trafficking crime. Prior to sentencing the United States filed a "Notice that the Government Seeks Imposition of Sentence Under the Enhanced Penalty Provisions of Title 18, United States Code, Section 924(e)(1)." (Doc. No. 24). The Notice included the following:

> The defendant is eligible for imposition of sentence under the enhanced penalty provisions of Title18, United States Code, Section 924(e)(1), as he is a person who has three previous convictions by a court referred to in Title 18, United States Code, Section 922(g)(1) for either violent felonies, as defined in Title 18, United States Code Section 924(e)(2), or serious drug offenses, as defined in Title 18, United States Code Section 924(e)(2).

(Doc. No. 24). The United States thereafter indicated that Defendant had three prior convictions for Burglary II stemming from two separate cases in two different Oklahoma state courts. These prior convictions made Defendant eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), which includes a mandatory minimum term of imprisonment of fifteen years. The final Presentence Investigation Report concurred in this conclusion. On April 22, 2011, the Court imposed a sentence of 180-months imprisonment on Count I of the Information. The Government dismissed Count II, apparently in light of the ACCA enhancement and a prior understanding by both the Government and Defendant that Seay's likely sentence would be 120 months. (See Doc. No. 34). Defendant did not appeal his sentence.

Defendant argues in the instant motion that he is entitled to relief under § 2255 on the basis of the Supreme Court's June 2015 decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague and that imposing an increased sentence under the residual clause violated the Constitutional guarantee of due process. The Court thereafter, in *Welch v. United States*, 136 S.Ct. 1257 (2016), held that *Johnson* applies retroactively to cases on collateral review. Defendant contends that as a result of *Johnson* his enhanced sentence is no longer valid.

> The ACCA requires a fifteen-year mandatory minimum sentence when the defendant has three or more qualifying "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA's scheme provides three ways the government can prove a prior conviction qualifies: the elements clause, § 924(e)(2)(B)(i); the enumerated-offenses clause, § 924(e)(2)(B)(ii); and the residual clause, § 924(e)(2)(B)(ii). In June 2015, however, the Supreme Court held the residual clause to be unconstitutionally vague, *Johnson v.*

*United States* (Johnson II), 135 S. Ct. 2551, 2563 (2015), leaving only the elements and the enumerated-offenses clauses.

*United States v. Harris*, No. 16-1237, 2017 WL 34458, at *1 (10th Cir. Jan. 4, 2017).[1]

In *Johnson*, the Supreme Court analyzed application of the residual clause to Minnesota's offense of unlawful possession of a short-barreled shotgun. The Court noted that ACCA required use by sentencing courts of a "categorical approach" when assessing whether a prior offense is to be considered a violent felony. Under the categorical approach, the Court assesses "whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Id.* at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). Although Defendant argues that he was sentenced pursuant to the residual clause, his argument lacks merits, because burglary is an enumerated offense under § 924(e)(2)(B)(ii), and, therefore, *Johnson* does not apply because it left the elements and enumerated provisions intact.

Furthermore, to the extent Defendant attempts to rely on *Mathis v. United States*, --- U.S. ---, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), his claim must fail. In a similar context the Tenth Circuit recently noted that "[b]ecause the Oklahoma statute defines burglary

---

[1] 18 U.S.C. § 924(e) defines the term "violent felony" as
any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another . . .**
(emphasis added to provision determined to be unconstitutionally vague).

more broadly than generic burglary, [Defendant's] convictions under the Oklahoma statute 'cannot give rise to an ACCA sentence.'" *United States v. Taylor*, --- Fed.Appx. ---, 2016 WL 7093905, *3 (10th Cir. Dec. 6, 2016). The court further concluded, however, that the Supreme Court's holding in *Mathis*, which in part dictated that outcome, is not retroactively applicable to cases on collateral review and that the motion, filed fifteen years later the conviction became final, was untimely, because § 2255(f)(3) did not apply. *Id.* at *4.[2] "*Mathis* did not announce a new rule." *Id.*

Accordingly, the Court finds that Defendant is not entitled to relief pursuant to *Johnson*, because each of the three convictions underlying his ACCA sentencing enhancement was for burglary, an enumerated offense under § 924(e). Furthermore, to the extent Defendant contends he is entitled to relief under *Mathis*, the case is not retroactively applicable to cases on collateral review, and did not announce a new rule of law. As such, any § 2255 relying on *Mathis* is untimely.

For the reasons set forth herein, the Motion is hereby DENIED. Furthermore, Defendant is not entitled to a Certificate of Appealability because Mr. Seay has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** this 11TH day of January, 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] But even if reasonable jurists would disagree with the district court's analysis applying the modified categorical approach, we still must address the issue of whether [Defendant] may rely on *Mathis* in this collateral proceeding.
*Taylor*, --- Fed.Appx. at --- ,2016 WL 7093905, *4.